**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Long Island Lighting Company, Orange and Rockland Utilities, Inc., Southern California Edison Company, Pacific Gas and Electric Company, San Diego Gas and Electric Company, International Paper Company, Federal Paper Board Company, Inc., Champion International Corporation, and Weyerhauser Company, Plaintiffs–Appellants,**

v.

**Spencer ABRAHAM, Secretary of Energy, and George B. Breznay, Director, Office of Hearings and Appeals, Defendants–Appellees.**

**No. 00–1370.**

United States Court of Appeals, Federal Circuit.

Feb. 21, 2001.

Before CLEVENGER, SCHALL, and LINN Circuit Judges.

DECISION

SCHALL, Circuit Judge.

Plaintiffs–Appellants ("Appellants") brought suit in the United States District Court for the District of Columbia to challenge a decision and order of the Department of Energy's ("DOE's") Office of Hearings and Appeals ("OHA") issued to the Puerto Rican Electric Power Authority ("PREPA"). In the decision and order, OHA awarded PREPA a refund award

pursuant to The Petroleum Overcharge Distribution and Restitution Act ("PODRA"), codified at 15 U.S.C. § 4501 (1994). PODRA requires DOE to identify entities harmed by crude oil overcharges during the period of price controls from 1973 through January 1981, and to make restitution, through OHA, in accordance with applicable procedures. *See* 10 C.F.R §§ 205.280–.288.

The district court held that because Appellants were not parties to the award proceedings involving PREPA, they failed to state claims upon which relief could be granted. *Consol. Edison Co. of N.Y. v. Richardson,* Civil Action No. 97–2876 (D.D.C. Mar. 8 2000). It therefore dismissed the complaint. Because this case is controlled by our recent decision in *Consolidated Edison Co. v. Richardson* ("*ConEd IV*"), 233 F.3d 1376 (Fed.Cir. 2000), where we held that parties challenging a third-party award under PODRA did state a claim upon which relief could be granted, we *reverse* the decision of the district court and *remand* the case for further proceedings.

## DISCUSSION

### I.

Appellants' claims arise from refund proceedings initiated as a result of a 1986 settlement in *In re Department of Energy Stripper Well Exemption Litigation,* 653 F.Supp. 108 (D.Kan.1986). In that case, DOE entered into a comprehensive agreement to resolve the issue of crude oil overcharge recoveries. During the period of 1973–1981, DOE collected overcharge amounts from companies that overcharged for crude oil in violation of price controls that were in effect pursuant to the Emergency Petroleum Allocation Act of 1973 ("EPAA"), codified at 15 U.S.C. § 751 *et seq.* The *Stripper Well* litigation established a mechanism to distribute the overcharge amounts to various groups—refineries, fuel retailers, airlines, utilities, etc— in return for their agreeing to waive any future claims to overcharge amounts collected by DOE. *See ConEd IV,* 233 F.3d at 1378–79.

With respect to crude oil overcharge claims by non-parties to the *Stripper Well* settlement, DOE issued a Modified Statement of Restitutionary Policy, 51 Fed.Reg. 27899 (August 4, 1986), providing a vehicle whereby victims of overcharges could submit claims in refund proceedings pursuant to certain specified procedures. To pay such claims, the *Stripper Well* agreement authorized OHA to reserve initially up to 20% of all crude oil overcharge funds in escrow for private parties. The remaining 80% was to be divided equally between the states and the federal government for the indirect benefit of their citizens.

Appellants assert interests in an award of overcharge funds to a third party, PREPA. PREPA applied for a share of the recovered crude oil overcharges that are held by OHA. OHA found that PREPA was a qualified end-user who would pass the refund on to its customers as per the *Stripper Well* settlement and therefore awarded PREPA nearly $7 million. OHA made the award from the 20% part of the overcharge funds held in escrow. Plaintiffs challenge the OHA decision on two grounds: (1) they assert that PREPA is a government-owned entity and therefore should seek refunds from the 80% part of the overcharge pool, and not from the 20% part; (2) they assert that OHA did not investigate PREPA's claim in a manner consistent with the agency's practice of investigating similar claims for overcharge funds.

The district court held that Appellants had failed to state claims upon which relief could be granted. The court based its decision on the failure of § 210 of the Economic Stabilization Act Amendments

of 1971 ("ESA"), codified at 12 U.S.C. § 1904 note (1976), which are incorporated into the EPAA, to create a private cause of action for a party to challenge the government's discretionary award of relief to third parties.

## II.

In *ConEd IV*, we concluded that the plaintiffs in that case stated a claim under the EPAA and ESA when they challenged a refund awarded to a third party. We also concluded that the plaintiffs in *ConEd IV* had standing to challenge DOE's award to a third party. Despite the fact that a litigant generally lacks standing to challenge an agency's decision with regard to a third party, *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), we determined that the facts of *ConEd IV* presented special circumstances in that they involved a pro rata distribution of a limited pool of funds. Any award from the pool would deplete the resources that could be allotted to other claimants. "Errors resulting in an excessive distribution come at the expense of all the other claimants." *ConEd IV*, 233 F.3d at 1383.

*ConEd IV* controls this case. Like the plaintiffs in *ConEd IV*, Appellants are challenging an award of overcharge recoveries to a third party. They have stated claims upon which relief may be granted, and they have standing to assert those claims.

For the foregoing reasons, the decision of the district court is reversed. The case is remanded to the district court for proceedings on the merits of Appellants' claims, with respect to which we express no views.

Each party shall bear its own costs.